```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE
```

HSMY, INC., a Delaware           :
Corporation, a/k/a H.S.M.Y.,     :
Inc.,                            :
                                 :
        Plaintiff,                :
                                 :
    v.                           :   Civil Action No. 05-818-JJF
                                 :
GETTY PETROLEUM MARKETING,       :
INC., a Maryland Corporation,    :
                                 :
        Defendant.                :

John C. Andrade, Esquire of
PARKOWSKI, GUERKE, & SWAYZE, P.A., Wilmington, Delaware.
Attorney for Plaintiff.

Matt Neiderman, Esquire of
DUANE MORRIS LLP, Wilmington, Delaware.
Attorney for Defendant.

## MEMORANDUM OPINION

March ___, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant's Motion To Dismiss The Complaint (D.I. 3). For the reasons discussed, the Motion will be granted in part and denied in part.

## I. BACKGROUND

The following facts are alleged in Plaintiff's Amended Complaint (D.I. 15). Plaintiff was engaged in the retail motor fuel and convenience store business at two locations in Delaware under the trade name "Getty." Defendant, a marketer of Getty brand fuel, was Plaintiff's landlord and supplier of motor fuel. Pursuant to the contract between the parties, Plaintiff was required to purchase all of its motor fuel from Defendant. The price of the fuel was set by Defendant and was to be posted at the time and place of delivery.

In March 2002, Plaintiff alleges that Defendant initiated a fraudulent scheme whereby it posted one price at delivery but withdrew a different amount from Plaintiff's checking account. Plaintiff and other Delaware retailers complained to the Office of Retail Gasoline Sales, a Division of Motor Fuel Tax of the Delaware Department of Transportation. Defendant allegedly retaliated by raising the motor fuel wholesale prices well above the retail prices charged by Plaintiff's competitors. Plaintiff, placed under extreme financial hardship due to the increase in prices, terminated one franchise and sold the other at a price

1

substantially below market value.

Plaintiff filed its Complaint in Delaware Superior Court. The action was removed to this Court on November 30, 2005. Defendant filed its Motion To Dismiss The Complaint (D.I. 3) on January 4, 2006. Plaintiff amended its Complaint on February 3, 2006. (D.I. 15). Plaintiff's Amended Complaint alleges violations of Article 2 of the Uniform Commercial Code ("UCC") as codified under Delaware law, the Delaware Retail Gasoline Sales Law ("Retail Gas Law"), and the Delaware Deceptive Trade Practices Act ("DTPA"). Plaintiff also alleges that Defendant committed fraud, breached the contract between the parties, and breached the implied covenant of good faith and fair dealing.

## II. PARTIES' CONTENTIONS

By its Motion, Defendant contends that the Court should dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. First, Defendant contends that Plaintiff has failed to state a claim for breach of contract because Defendant's actions fall within the safe harbor condition provided by the UCC, because Plaintiff has failed to allege the breach of an obligation, and because Defendant has not breached the implied covenant of good faith and fair dealing. Second, Defendant contends that Plaintiff cannot sue for injunctive relief under the Retail Gas Law and the DTPA because its agreements with Defendant were terminated over two years ago.

2

Finally, Defendant contends that Plaintiff has failed to state a claim for fraud because it failed to plead with particularity and because the claim is nothing more than a breach of contract claim couched in fraud terms.

In response, Plaintiff contends that it has stated a claim for breach of contract because Defendant's actions do not fall within the safe-harbor provision of the UCC. Plaintiff further contends that it has stated a claim under the Retail Gas Law and the DTPA because both statutes provide for the monetary remedies sought. Plaintiff also contends that its Amended Complaint pleads fraud with sufficient particularity and that it has alleged every element of a fraud claim. Finally, Plaintiff contends that Defendant breached the implied covenant of good faith and fair dealing, which is read into every contract, by taking advantage of the parties' contractual relationship by charging Plaintiff higher prices than would be charged if Defendant had acted in good faith.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).

When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). However, the Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

IV. **DISCUSSION**

   A. Whether Plaintiff Has Stated A Claim For Breach Of Contract For Which Relief May Be Granted

In order to establish a claim for breach of contract, a plaintiff must show: "first, the existence of a contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." VLIW Tech., L.L.C. v. Hewlett-Packard Co., 840 A.2d 606, 612 (Del. 2003).

Accepting all allegations in Plaintiff's Amended Complaint as true and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court concludes that Plaintiff has stated a claim for breach of contract. The parties do not dispute the existence of a contract or that Plaintiff was

4

damaged. Instead, the parties dispute whether Plaintiff has alleged that Defendant breached an obligation. The Court concludes that Plaintiff has asserted an allegation of a breached obligation. For example, in its Amended Complaint, Plaintiff alleges that, pursuant to the parties' contract, the prices for fuel were to be posted or listed at the time and place for delivery. Plaintiff alleges that Defendant changed the price of the fuel after delivery and debited a different amount from Plaintiff's bank account, thereby breaching an obligation that the Defendant had to set the prices at the time of delivery. Accordingly, the Court will deny Defendant's Motion To Dismiss The Complaint as it relates to Plaintiff's claim for breach of contract.

    B.    <u>Whether Plaintiff Has Stated A Claim For Which Relief May Be Granted Pursuant to 6 Del. C. § 2-305</u>

In addition to the breach of contract claim above, Plaintiff alleges that Defendant breached the parties' contract by failing to use good faith in fixing fuel prices. 6 Del. C. § 2-305 provides that "[a] price to be fixed by the seller... means a price for him to fix in good faith." 6 Del. C. § 2-305(2). The official comment to UCC § 2-305 provides that in the normal case where a seller has set a price in accordance with a "posted price," "price in effect," or "market price," the good faith requirement will be satisfied. U.C.C. § 2-305(2) cmt. 3.

Accepting all allegations in Plaintiff's Amended Complaint

5

as true and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court concludes that Plaintiff has stated a claim for breach of contract pursuant to 6 Del. C. § 2-305. Plaintiff alleges throughout its Amended Complaint that Defendant did not use good faith in fixing prices and that it fixed prices in a way that controlled Plaintiff's profit margin. First, Plaintiff alleges that Defendant often set the wholesale price for fuel equal to or higher than that of the retail price of other stores. Second, Plaintiff alleges that Defendant charged a higher price than the one set at delivery in March 2002. Finally, after Plaintiff complained to the Office of Retail Gasoline Sales, Defendant allegedly fixed fuel prices at higher rates in retaliation.

Defendant contends that its pricing falls within the "safe harbor" for posted price, price in effect, or market price. Viewing the facts in the light most favorable to Plaintiff, however, the Court cannot conclude that Defendant's wholesale prices, allegedly above the retail prices of other merchants, and that Defendant's alleged retaliatory price increase fall within the posted or market price. Additionally, Defendant has offered no standard included in the contract by which the prices would be set. <u>Kellam Energy, Inc. v. Duncan</u>, 668 F. Supp. 861 (D. Del. 1987) (stating that when a contract stipulates "that the price will be set according to a particular standard, Section 2-305 has
6

no role to play and parol evidence will be excluded"). Accordingly, the Court will deny Defendant's Motion To Dismiss The Complaint as it relates to Plaintiff's claim for breach of contract pursuant to 6 Del. C. § 2-305.

  C. <u>Whether Plaintiff Has Stated A Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing For Which Relief May Be Granted</u>

The covenant of good faith and fair dealing is implied in every agreement in Delaware. <u>Dunlap v. State Farm Fire & Cas. Co.</u>, 878 A.2d 434, 442 (Del. 2005). The covenant requires parties "in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the contract." <u>Wilgus v. Salt Pond Inv. Co.</u>, 498 A.2d 151, 159 (Del. 1985). One example of a breach of the implied covenant of good faith and fair dealing occurs when one party frustrates the purpose of the contract "by taking advantage of their position to control implementation of the agreement's terms." <u>Dunlap</u>, 878 A.2d at 442.

Accepting all allegations in Plaintiff's Amended Complaint as true and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court concludes that Plaintiff has stated a claim for breach of the implied covenant of good faith and fair dealing sufficient to survive a motion to dismiss. The Court recognizes that the covenant of good faith and fair dealing

7

is a "cautious enterprise" that should rarely be applied. <u>Aspen Advisors LLC v. UA Theatre Co.</u>, 861 A.2d 1251, 1259 (Del. 2004). However, Plaintiff alleges in its Amended Complaint that, among other things, Defendant took advantage of its position as Plaintiff's exclusive supplier to fix wholesale prices in excess of competitor's retail prices. Accordingly, the Court will deny Defendant's Motion To Dismiss The Complaint as it pertains to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

    D.    <u>Whether Plaintiff Has Stated A Claim For Which Relief May Be Granted Under The Delaware Retail Gasoline Sales Law</u>

Defendant contends that Plaintiff does not have standing to assert a claim pursuant to the Retail Gas Law. In support of this contention, Defendant argues that the only relief available under the statute is an injunction, and because Plaintiff no longer owns a retail business, there is nothing to enjoin.

"When legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." <u>Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers</u>, 414 U.S. 453, 458 (1974). Accordingly, "[w]here a right is given and a remedy provided by statute, the remedy so provided must be pursued." <u>Silvia v. Scotten</u>, 32 Del. 295, 303 (Del. 1923). <u>See also</u> <u>Schneider v. Wilmington Trust Co.</u>, 310 A.2d 897, 901 (Del. Ch. 1973).

8

The Retail Gas Law Statute provides two remedies. The first remedy is that "[t]he Attorney General, the Office [of Retail Gasoline Sales] or any aggrieved person may institute an action in the Court of Chancery to enjoin any person from engaging in or continuing a practice in violation of this chapter." 6 Del. C. § 2911(d). The second remedy is found in § 2910, which provides that if an agreement between a manufacturer and a retailer is terminated or cancelled, and the manufacturer fails to tender any money owed to the retailer within 30 days, the retailer "shall have a cause of action against the manufacturer for the balance." 6 Del. C. § 2910.

Accepting all allegations in Plaintiff's Amended Complaint as true and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to state a claim for which relief may be granted pursuant to the Retail Gas Law. Plaintiff is not claiming that Defendant owed a balance. Rather, Plaintiff alleges that its retail prices were fixed by Defendant in violation of § 2909(4). The appropriate remedy for Plaintiff under the statute is an action in the Court of Chancery to enjoin Defendant from fixing the prices. However, Plaintiff, having discontinued both businesses, is unable to seek an injunction. Accordingly, the Court will grant Defendant's Motion To Dismiss The Complaint as it pertains to Plaintiff's claim under the Retail Gas Law.

### E. Whether Plaintiff Has Stated A Claim For Which Relief May Be Granted Pursuant To The Delaware Deceptive Trade Practices Act

Plaintiff contends that it is entitled to treble damages under the DTPA. However, in order to claim treble damages under § 2533(c), a plaintiff must first meet the standing requirements of § 2533(a). Grand Ventures, Inc. v. Whaley, 622 A.2d 655 (Del. Super. Ct. 1993) (concluding that a company did not have standing to bring a claim for treble damages under § 2533(c) because the harm occurred in the past and the company did not seek an injunction). Section 2533(a) provides that "[a] person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable." 6 Del. C. § 2533(a).

Accepting all allegations in Plaintiff's Amended Complaint as true and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to state a claim for which relief may be granted under the DTPA. By its Complaint, Plaintiff alleges that Defendant violated the DTPA by creating invoices "at prices different that [sic] it charged Plaintiff at delivery and operated its EFT credits and debits so as to cause actual confusion or

misunderstanding."[1] (D.I. 15 at 13). However, Plaintiff is not likely to be damaged by any act of Defendant; all harm from any alleged deception by Defendant occurred in the past. Furthermore, Plaintiff is not seeking an injunction; it only seeks the treble damages of § 2533(c). Accordingly, the Court will grant Defendant's Motion To Dismiss The Complaint as it relates to Plaintiff's claim under the DTPA.

  F. <u>Whether Plaintiff Has Stated A Claim For Fraud For Which Relief May Be Granted</u>

    1. Whether Plaintiff Has Stated A Claim For Fraud Sufficient To Survive A Motion To Dismiss

Under Delaware law, the elements of a common law fraud are:

1) a false representation, usually one of fact, made by the defendant;
2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth;
3) an intent to induce the plaintiff to act or to refrain from acting;
4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and
5) damage to the plaintiff as the result of such reliance.

<u>Gaffin v. Teledyne, Inc.</u>, 611 A.2d 467, 472 (Del. 1992).

Accepting all allegations in Plaintiff's Amended Complaint as true and drawing all reasonable inferences in the light most favorable to Plaintiff, the Court concludes that Plaintiff has stated a claim for fraud sufficient to survive a motion to

---

[1] The Court further concludes that, even if Plaintiff did have standing to bring the claim, the action alleged is not one that falls under any part of the DTPA, 6 Del. C. § 2532(a).

11

dismiss. In its Amended Complaint, Plaintiff alleges that Defendant made false representations and omissions with at least a reckless indifference to the truth regarding how and for what money would be debited from the bank account Plaintiff was required by Defendant to maintain. Gaffin, 611 A.2d at 472 (false representations include the concealment of facts or silence where there is a duty to speak). Plaintiff further alleges that these statements were intended to induce Plaintiff to enter into agreements with Defendant in 2001 and did so induce Plaintiff. Finally, Plaintiff alleges that it suffered damages that were a direct and proximate result of Defendant's misrepresentations and omissions, specifically, that it lost profits, was unable to pay bills, and ultimately, had to turn over and sell its franchises. Accordingly, the Court will deny Defendant's Motion To Dismiss The Complaint as it relates to Plaintiff's failure to state a claim for fraud.

    2.    Whether Plaintiff Has Pleaded Fraud With Sufficient Particularity Under Federal Rule Of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud...the circumstances constituting fraud... shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is to provide defendants with notice of the precise nature of the

claim against them, not to test factual allegations of the claim. Seville Industry Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984). As such, Rule 9(b) does not require the recitation of "every material detail of the fraud such as date, location and time." In re Rockefeller Ctr. Props. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002). Plaintiff must, however, "use alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Id.

Defendant contends that Plaintiff does not allege, inter alia, who made the statements and to whom the statements were made, when the statements were made, and when Plaintiff discovered that the statements were false. Plaintiff's Amended Complaint, however, alleges that the statements were made to the principal of Plaintiff and his wife and were made in invoices in March 2002. Plaintiff further alleges that certain representations made regarding the establishment of a bank account used for debits and representations regarding the price of fuel for delivery were false. These allegations, while not necessarily required, are sufficient to provide Defendant with notice of the nature of Plaintiff's fraud claim. Accordingly, the Court will deny Defendant's Motion To Dismiss The Complaint as it relates to Plaintiff's failure to state its fraud claim with sufficient particularity.

## V. CONCLUSION

For the reasons discussed, Defendant's Motion To Dismiss The Complaint (D.I. 3) will be granted in part and denied in part.[2]

An appropriate Order will be entered.

---

[2] The Court does not here address Defendant's claim that Plaintiff is not entitled to a jury trial as the Court finds that it is without sufficient information to render a decision at this time.