IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HSMY, Incorporated, | ) | |
| a Delaware Corporation, | ) | |
| a/k/a H.S.M.Y., Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-818 (JJF) |
| v. | ) | |
| | ) | |
| GETTY PETROLEUM MARKETING | ) | |
| INC., a Maryland Corporation. | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Getty Petroleum Marketing Inc. ("Getty"), by and through its undersigned counsel, states for its answer and affirmative defenses to the Amended Complaint as follows:

**PARTIES**

1.      Getty lacks information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Amended Complaint and therefore denies the same.

2.      Denied as stated. Admitted only that Getty Petroleum Marketing Inc. is a Maryland corporation whose registered agent is The Corporation Trust Company.

3.      Denied as stated. Admitted only that Plaintiff formerly operated a Getty branded gasoline station at 905 Basin Road, New Castle, Delaware 19720 (the "New Castle Station"). Further admitted that the lease, supply contract and ancillary agreements for such station were mutually terminated on or about March 31, 2003.

4.      Denied as stated. Admitted only that Plaintiff formerly operated a Getty branded gasoline station at 189 Elkton Road, Newark, Delaware 19711 (the "Elkton Station"). Further

admitted that the lease, supply contract and ancillary agreements for such station were mutually terminated on or about February 28, 2003.

5. The first sentence of paragraph 5 of the Amended Complaint is denied as stated. Admitted only that Getty is a distributor and marketer of gasoline and other petroleum products, that Getty is a subsidiary of Lukoil Americas Corporation, and that Lukoil Americas Corporation is a subsidiary of LUKOIL Oil Company, a Russian open joint stock company. The second sentence of paragraph 5 of the Amended Complaint is admitted.

6. The first sentence is admitted. The second sentence is admitted, except as to the allegation regarding marketing of motor fuel "as described elsewhere in this Complaint." The third sentence is incomprehensible and is therefore denied.

## FACTS RELATED TO PRICING ISSUES

7. Denied as stated. Admitted only that the wholesale and retail sale of motor fuel is highly competitive and is subject to numerous market forces and that the profit margins associated with the wholesale and retail sale of motor fuel are subject to fluctuation.

8. Denied as stated. Admitted only that until December 2001, Plaintiff was paid a commission on motor fuel sales at the New Castle Station.

9. Denied as stated. Admitted only that until December 2001, Plaintiff was paid a commission on motor fuel sales at the Elkton Road Station.

10. In response to the allegations of paragraph 10, Getty admits that in December 2001 written Agreements were entered into between the parties, the terms and conditions of which speak for themselves.

11. In response to the allegations of paragraph 11, Getty admits that in December 2001 written Agreements were entered into between the parties, the terms and conditions of which speak for themselves.

12. In response to the allegations of paragraph 12, the terms and conditions of the written Agreements speak for themselves.

13. Denied.

14. The first sentence of paragraph 14 of the Amended Complaint is denied. Getty lacks information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 14 of the Amended Complaint concerning the basis for Plaintiff's allegations and therefore denies the same.

15. The allegations of paragraph 15 of the Complaint consist of Plaintiff's legal conclusions as to the meaning and purpose of the Delaware Retail Sales of Motor Fuel Act, to which no responsive pleading is required. To the extent a responsive pleading is required, Getty refers to the Delaware Retail Sales of Motor Fuel Act for its complete and accurate provisions.

16. Denied as stated. Admitted that Plaintiff agreed to maintain a checking account for purposes of electronic funds transfers on the terms set forth in the parties' written Agreements, and Getty refers to those written Agreements for their complete and accurate terms.

17. Denied.

18. Denied.

19. The first sentence of paragraph 19 of the Amended Complaint alleging any wrongdoing by Getty is denied. Getty lacks information sufficient to form a belief as to the truth of the allegations of (i) the first sentence regarding communications by "Delaware Dealers" and the Office of Retail Gasoline Sales and defendant's alleged failure to respond to inquiries from the Office of Retail Gasoline Sales; and (ii) the second sentence of paragraph 19 of the Amended Complaint concerning the basis for Plaintiff's allegations and therefore denies the same.

20. Denied as stated. Admitted only that in or around April 2002, A.R. Charnes and other Getty representatives held a meeting with certain of Getty's Delaware dealers to discuss various issues raised by the dealers and by Getty.

21. Denied.

22. Denied. By way of further answer, Getty states that at various times throughout the parties' relationship, Plaintiff failed to make timely payments of amounts owed to Getty under the terms of the parties' written Agreements.

23. Denied as stated. Admitted only that on or around December 5, 2002, Getty sent Plaintiff a termination letter for Plaintiff's New Castle Station.

24. Denied as stated. Admitted only that on or around December 5, 2002, Getty sent Plaintiff a termination letter for Plaintiff's Elkton Road Station.

25. Denied as stated. Admitted only that the parties mutually agreed to terminate the parties' written Agreements for the Elkton Road Station on or about February 28, 2003.

26. Denied as stated. Admitted only that the parties mutually agreed to terminate the parties' written Agreements for the New Castle Station on or about March 31, 2003.

## COUNT I
## VIOLATION OF ARTICLE 2 OF THE UNIFORM COMMERCIAL CODE

27. Getty incorporates by reference its answers to paragraphs 1 through 26 of the Amended Complaint as if set forth fully herein.

28. The allegations of paragraph 28 of the Amended Complaint consist of legal conclusions to which no responsive pleading is required.

29. The first sentence of paragraph 29 of the Amended Complaint is denied as stated. Admitted only that Plaintiff agreed to pay the price posted or listed by Getty at the time and place of delivery in accordance with the parties' written Agreements. The second sentence of

paragraph 29 of the Amended Complaint consists of legal conclusions to which no responsive pleading is required.

    30.    Denied.

    31.    Denied.

    32.    Denied.

## COUNT II
## VIOLATION OF THE DELAWARE RETAIL GASOLINE SALES LAW

    33.    Getty incorporates by reference its answers to paragraphs 1 through 32 of the Amended Complaint as if set forth fully herein.

    34.    Dismissed.

    35.    Dismissed.

    36.    Dismissed.

    37.    Dismissed.

    38.    Dismissed.

    39.    Dismissed.

## COUNT III
## FRAUD

    40.    Getty incorporates by reference its answers to paragraphs 1 through 39 of the Amended Complaint as if set forth fully herein.

    41.    Denied.

    42.    Denied.

    43.    Denied.

    44.    Getty denies the allegations of paragraph 44 of the Amended Complaint relating to alleged acts of wrongdoing and/or omissions by Getty.

## COUNT IV
## BREACH OF CONTRACT

45. Getty incorporates by reference its answers to paragraphs 1 through 44 of the Amended Complaint as if set forth fully herein.

46. Admitted that each of the written Agreements between Getty and Plaintiff was a contract.

47. Denied.

48. Denied.

## COUNT V
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

49. Getty incorporates by reference its answers to paragraphs 1 through 48 of the Amended Complaint as if set forth fully herein.

50. Denied.

## COUNT VI
## DELAWARE DECEPTIVE TRADE PRACTICES ACT

51. Getty incorporates by reference its answers to paragraphs 1 through 50 of the Amended Complaint as if set forth fully herein.

52. Dismissed.

53. Getty denies all allegations not specifically admitted above.

With respect to the unnumbered paragraph at the conclusion of the Amended Complaint constituting Plaintiff's prayer for relief, Getty denies that Plaintiff is entitled to the relief requested therein or to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff is barred by the doctrine of unclean hands from obtaining the relief it seeks in the Amended Complaint.

2. Plaintiff's claims are barred by the doctrines of laches, estoppel and waiver and/or the applicable statutes of limitations.

3. Plaintiff's claims are barred by the statute of frauds.

4. Plaintiff's claims are barred by the parol evidence rule.

5. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

6. Plaintiff's claims are barred in whole or in part by the terms of the written Agreements governing the parties' relationship.

7. Plaintiff has failed to mitigate any damages allegedly sustained.

WHEREFORE, Getty respectfully requests that judgment be entered against Plaintiff and that Getty be awarded its costs and attorneys' fees associated with this action, pursuant to the fee-allocation provisions of the parties' Agreements or otherwise and such other relief as the Court deems just.

**DATED:** March 17, 2006

**OF COUNSEL:**

**DUANE MORRIS LLP**
Harvey W. Gurland, Jr., P.A. (*of the Florida Bar*)
200 South Biscayne Blvd., Suite 3400
Miami, Florida  33131
Tel:   305.960.2200
Fax:  305.960.2201

**DUANE MORRIS LLP**

/s/ Matt Neiderman
Matt Neiderman (Del. I.D. No. 4018)
1100 North Market Street, 12th Floor
Wilmington, Delaware  19801
Tel:   302.657.4900
Fax:  302.657.4901

*Attorneys for Defendant
Getty Petroleum Marketing Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 17th day of March, 2006, that the foregoing "Answer and Affirmative Defenses" was served by e-filing to counsel below:

>Basil C. Kollias, Esq.
>John C. Andrade, Esq.
>Parkowski, Guerke & Swayze, P.A.
>116 West Water Street
>P.O. Box 598
>Dover, Delaware  19903

/s/  Matt Neiderman
MATT NEIDERMAN (I.D. No. 4018)