IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HSMY, Incorporated, )<br>a Delaware Corporation, )<br>a/k/a H.S.M.Y., Inc., )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　)　C.A. No. 05-818 (JJF)<br>　　　v. )<br>　　　　　　　　　　　　　　)<br>GETTY PETROLEUM MARKETING )<br>INC., a Maryland Corporation. )<br>　　　　Defendant. ) | |

## MOTION TO COMPEL

Defendant, Getty Petroleum Marketing Inc. ("Getty"), by and through its counsel, hereby moves pursuant to Rule 37 to compel responses to the initial disclosures of Plaintiff, HSMY, Inc. ("HSMY"), and to Getty's First Requests for Production of Documents (the "Document Requests") and First Interrogatories (the "Interrogatories"), and states as follows in support of its motion:

## INTRODUCTION

1. Beginning with its initial disclosures and continuing through Getty's Document Requests and Interrogatories, HSMY has refused to provide complete discovery responses, instead taking the position that it can unilaterally extend its time to produce documents to some unspecified future date and that it need not provide detailed factual responses to interrogatories it feels are better suited for depositions. Getty repeatedly has corresponded with HSMY in an attempt to obtain the long overdue responses, to no avail. Getty therefore respectfully requests that the Court enter an order compelling responses and requiring HSMY to bear the costs associated with this motion.

## PLAINTIFFS' INITIAL DISCLOSURES REMAIN INCOMPLETE

2. Rule 26(a)(1)(C) requires that a party seeking damages provide a "computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based. . ." Courts have explained that Rule 26 imposes an obligation to

disclose to other parties the best information known to it at the time of the disclosure as to the computation of its damages. *See, e.g., First Nat. Bank of Chicago v. Ackerley Communications, Inc.*, 2001 WL 15683 at *6, n.6 (S.D.N.Y. 2001).

3.     HSMY's initial disclosure under Rule 26(a)(1)(c) failed to provide the information required by that rule. HSMY provided no computation of damages, failed to produce documents supporting its damage calculation and failed to even explain what categories of damages it seeks. Instead, HSMY merely purported to identify documents in the manner permitted under Rule 26(a)(1)(B), but not permitted under Rule 26(a)(1)(C). HSMY must know with reasonable detail what pecuniary losses it allegedly incurred and which it now seeks, and it must have a basis for computing those and the other categories of damages claimed in the Amended Complaint. Getty therefore asked, by letter dated February 17, 2006, that HSMY supplement its initial disclosures to include a computation, by category, of the damages it seeks and produce all documents upon which such computation is based. HSMY acknowledged that it was required to produce such information, but indicated that it would not have complete responses until late March. Several months have now passed, and despite Getty's repeated requests, HSMY has never produce the promised information.

## HSMY'S FAILURE TO PROVIDE COMPLETE INTERROGATORY ANSWERS

4.     On March 23, 2006, Getty served its Interrogatories. Getty's Interrogatories primarily sought the complete factual bases underlying several specific allegations in the Amended Complaint and specific information about HSMY's claimed damages. HSMY's answers, which it served on April 24, 2006, did not raise any specific or general objections to the Interrogatories, yet most of HSMY's answers were deficient or incomplete. Generally speaking, HSMY's answers provided little or no information as to the specific factual bases underlying its claims, rather they merely repeated the notice-style allegations contained in HSMY's Amended Complaint.

5.     For instance, rather than responding to Interrogatory No. 1, which asked for detailed damages information, HSMY simply noted that a damages report is "being prepared" and "will be

submitted when completed."[1] HSMY failed to set forth the factual basis for its claimed damages as of the time it filed the Complaint and as of the time of the Interrogatories. HSMY's responses to Interrogatory Nos. 2, 3 and 6 were also lacking. When asked to set forth the complete basis for allegations regarding the prices charged for gasoline, HSMY merely responded that "this information is in Getty's possession and control." HSMY's answers also failed to provide the factual basis for many of its other pricing allegations, such as what specific stations it believes comprise the "market price in the area," what the market prices were, how it determined that Getty's wholesale prices exceeded retail prices, when Getty's wholesale prices exceeded retail, or how Getty was aware of such facts.

6. HSMY's response to Interrogatory No. 5, which questioned the factual basis for the allegations of Paragraph 13 of the Amended Complaint, was to contend that Getty should be in possession of responsive information. HSMY must, however, have had some factual basis for making its allegations, and Getty is entitled to a meaningful response. HSMY's answers to Interrogatory Nos. 9, 13, 14, 15 and 16 likewise were conclusory, notice-pleading style answers that failed to set forth the detailed factual bases underlying its allegations.

7. By letter to HSMY dated May 17, 2006,[2] Getty set forth in detail the various deficiencies in HSMY's interrogatory responses, and asked that HSMY supplement its responses. Getty's response to that letter failed in large part to provide any meaningful responses to the concerns raised by Getty, but merely indicated that HSMY would provide damages information when and if it was ready to do so, and that the interrogatory answers Getty seeks are better suited for depositions. Getty again wrote to HSMY on June 8, asking that it reconsider its position and explaining that a party may not refuse to answer interrogatories to which it raised no objection simply because it believes the questions are better asked

---

[1] True and correct copies of HSMY's responses to Getty's First Interrogatories and First Document Requests are attached as Exhibits "A" and "B" hereto, respectively.

[2] True and correct copies of Getty's May 17, 2006 letter to HSMY, HSMY's letter in response dated May 26, 2006 and Getty's final letter in reply dated June 8, 2006 are attached hereto as Exhibits "C," "D," and "E."

in a deposition, nor may a party simply grant itself unilateral extensions of time to produce documents. HSMY has never responded.

## HSMY'S FAILURE TO PRODUCE DOCUMENTS

8.  HSMY's responses to the Document Requests were also deficient. In large part, HSMY's responses identified documents "in Getty's possession" or "documents to be produced by Getty," but failed to indicate whether responsive documents were in HSMY's possession custody or control or whether HSMY withheld any responsive documents. (*See, e.g.*, Doc. Request Nos. 2, 4, 8, 13, 14 and 15). Getty therefore asked in its May 17 letter that HSMY confirm, with respect to each of Getty's document requests, that it searched for and either did not have or exhaustively produced all responsive documents in its possession, custody or control, and whether it withheld any documents on the basis of privilege. Three of HSMY's responses to the Document Requests indicated that HSMY was in the process of searching for and would at some future date produce any responsive documents. (*See* Doc. Request Nos. 9, 10 and 11). HSMY has yet to explain when it intends to complete its search for and produce responsive documents, and HSMY admittedly has failed to complete its production of documents nearly five months after they were requested.

WHEREFORE, Getty respectfully requests that the Court enter an order compelling HSMY to: (i) provide complete initial disclosures under Rule 26(a)(1)(c); (ii) provide complete responses to Interrogatory Nos. 1, 2, 3, 5, 6, 9, and 13-16; (iii) producing all documents in its possession, custody or control responsive to the Document Requests; and (iv) pay Getty the costs and attorneys' fees associated with this Motion.

## STATEMENT PURSUANT TO LOCAL RULE 7.1.1

The undersigned hereby certifies that he has made a reasonable effort to reach agreement with opposing counsel on the matters set forth in this motion, but that no agreement was reached.

**DATED:** June 21, 2006

**OF COUNSEL:**

**DUANE MORRIS LLP**
Harvey Gurland, Jr., P.A. (*of the Florida Bar*)
200 South Biscayne Blvd., Suite 3400
Miami, Florida  33131
Tel:     305.960.2200
Fax:    305.960.2201

**DUANE MORRIS LLP**

/s/ Matt Neiderman
Matt Neiderman (Del. I.D. No. 4018)
1100 North Market Street, 12th Floor
Wilmington, Delaware  19801
Tel:     302.657.4900
Fax:    302.657.4901

*Attorneys for Defendant*
*Getty Petroleum Marketing Inc.*

DM1\651416.1