# EXHIBIT "C"

# DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

MATT NEIDERMAN
DIRECT DIAL: 3026574920
E-MAIL: mneiderman@duanemorris.com

www.duanemorris.com

May 17, 2006

**VIA FACSIMILE AND REGULAR MAIL**

John Andrade, Esquire
Parkowski, Guerke & Swayze, P.A.
116 West Water Street
Dover, Delaware 19903

    Re: **HSMY, Incorporated v. Getty Petroleum Marketing Inc.**
          **C.A. No. 05-818 (JJF)**

Dear John:

    We write to address several deficiencies in the responses recently served by Plaintiff to the First Interrogatories and First Requests for Production of Documents propounded by Getty Petroleum Marketing Inc. ("Getty"). This letter represents our attempt to meet and confer with respect to the various issues raised herein.

    As an initial matter, we note that Plaintiff has yet to provide complete initial disclosures, as detailed in our letters to you dated February 17, 2006 and March 7, 2006. You previously indicated to us that you were in the process of preparing a complete damages report, which you expected to provide to us by late March. More than a month has passed since the time you promised to deliver a report, and you have yet to either provide us with complete initial disclosures or a copy of the report. If we do not receive complete disclosures by the close of business on Friday, May 26, 2006, we will move to compel complete disclosures and will seek the costs associated therewith.

### INTERROGATORY RESPONSES

    With respect to Getty's First Interrogatories, several of your answers are deficient. As a general matter, your answers have given us little if any information as to the specific legal or factual bases underlying Plaintiff's claims apart from the conclusory, notice-pleading allegations contained in the Amended Complaint. The purpose of our interrogatories was to go behind the bare allegations of the Amended Complaint and explore the factual grounds for the allegations. If, as we suspect, certain of Plaintiff's allegations are based merely on suspicion or surmise, then

DuaneMorris

John Andrade, Esquire
May 17, 2006
Page 2

we are entitled to know that. If, however, there is some set of facts or circumstances giving rise to the allegations, we are likewise entitled to learn those facts or circumstances. With these general concerns in mind, we turn to the specific deficiencies in your interrogatory answers.

**Interrogatory No. 1:**

Rather than responding to Interrogatory No. 1, you have simply noted that a damages report is "being prepared" and "will be submitted when completed." Again, we have been awaiting production of this report for more than a month and expect its production in accordance with the deadline above. In addition, we are entitled to a response which sets forth the complete factual basis for Plaintiff's claimed damages as of the time they filed their Complaint and as of the time of our Interrogatories. For instance, Plaintiff alleged to have been damaged in an amount in excess of $75,000 at the time they file the Complaint, and they must therefore have had some good faith basis for so alleging at the time of the filing. Moreover, Plaintiff must have had some estimation or understanding as to the amounts of their claimed damages independent of and prior to seeking an expert report, and we are entitled to responses that set forth such facts.

**Interrogatory No. 2:**

     a.    Your answer that "this information is in Getty's possession and control" is insufficient. We are entitled to a response that sets forth any information known to your clients with respect to the prices charged. Again, Plaintiff must have had some good faith basis for making allegations as to the prices charged by Getty, and we are entitled to responses that set forth that basis.

     b.    Your answer that the price charged by Getty "exceeded the retail market price in the area and Getty was aware of this" is likewise insufficient. Your response does not explain what specific stations it believes comprise the "market price in the area," what the market prices were, how Plaintiff determined that Getty's wholesale prices exceeded retail prices, during what time-frames Getty's wholesale prices exceeded retail, or how your contend "Getty was aware of this." Your response to this interrogatory lacks any factual detail and is instead in the form of a notice-pleading style allegation. We are entitled to a complete and factual response.

     c.    Your answer fails to identify when (either specifically or approximately) Shima Hussin and Wahab Hussin complained about price, the manner in which they communicated such complaints, the approximate frequency of such complaints and the specific substance of such communications.

DuaneMorris

John Andrade, Esquire
May 17, 2006
Page 3

**Interrogatory No. 3:**

As with Interrogatory Nos. 2 and 3, we await the prompt production of damages information and, in addition, are entitled to know the factual basis relied upon by Plaintiff in making the allegations of the Complaint.

**Interrogatory No. 4:**

a.  Your answer fails to identify the name of the Getty representative who made the representation.

c.  Your response sets forth three representations upon which you apparently contend Plaintiff relied in signing the TCVA agreement. Your response then goes on to set forth eight additional "omissions about the program," but fails to set forth the manner in which Plaintiff allegedly relied on the omissions or the damages allegedly resulting therefrom.

**Interrogatory No. 5:**

Your answer to this interrogatory was, in essence, to contend that Getty should be in possession of responsive information. This response is insufficient. Plaintiff must have had some factual basis for making the allegations contained in paragraph 13 of the Amended Complaint. Our interrogatory seeks the basis for Plaintiff's allegations at the time it filed the Amended Complaint, and we are entitled to a meaningful response.

**Interrogatory No. 6:**

Once again, your answer to this interrogatory is insufficient. You have provided no factual explanation as to why Plaintiff alleges that the prices charged by Getty exceeded the retail prices, why Getty was aware of this and why Plaintiff believes Getty arbitrarily set the TCVA.

**Interrogatory No. 7:**

Although your answer purports to list the names of people with knowledge of the allegations of the Amended Complaint, it fails to identify the nature of each person's knowledge as requested in the interrogatory.

**Interrogatory No. 8:**

Your answer to this interrogatory fails to identify the date of all communications with Phyllis Hines and Robin Ridgaway identified in your response and fails to identify the specific "problems" discussed with those individuals.

DuaneMorris

John Andrade, Esquire
May 17, 2006
Page 4

**Interrogatory No. 9:**

Your answer by reference to your response to Interrogatory No. 5 is insufficient. The interrogatory does not ask who <u>Getty</u> believed to be competitive motor fuel stations, but instead seeks the retail motor fuel stations with which <u>Plaintiff</u> believed it competed and which form the basis for Plaintiff's allegations.

**Interrogatory No. 10:**

Your answer fails to identify any specific communications, including the timing and circumstances of the communications, and fails to identify whether any such communications were in fact written.

**Interrogatory No. 12:**

Your answer, which consists of mere reference to your answer to Interrogatory No. 2c, fails to identify the time or setting of the communications and fails to identify the specific subject matter of the communications.

**Interrogatory No. 13:**

Your answer is not responsive to the interrogatory, as it fails to set forth the factual basis underlying your allegation that Getty's pricing was motivated by a desire to force Plaintiff into a commissioned agent relationship. Plaintiff must have had some basis for alleging that Getty attempted to force it into a commissioned agent relationship, and we are entitled to know the factual basis.

**Interrogatory No. 14:**

Your answer fails to explain how Plaintiff was placed under extreme financial hardship. Your answer does not explain what the hardship was, how Getty's actions caused the hardship or when the hardship began or ended. Your answer consists of nothing more than reference to your notice-pleading allegation and contains no factual support whatsoever.

**Interrogatory No. 15:**

Your answer fails to explain what the basis was for alleging that a fraudulent scheme existed. You must have had some basis for alleging that Getty undertook a fraudulent scheme other than the conclusory allegations contained in the Amended Complaint.

DuaneMorris

John Andrade, Esquire
May 17, 2006
Page 5

**Interrogatory No. 16:**

Your answer by mere reference to paragraphs of the Amended Complaint is insufficient. Your answer fails to identify the term or terms you contend should be implied, the manner in which Getty allegedly breached the implied terms and the underlying factual basis for alleging any such breaches.

## DOCUMENT REQUEST RESPONSES

With respect to Plaintiff's responses to Getty's First Request for Production, those too appear to be deficient. In large part, your responses identify documents "in Getty's possession" or "documents to be produced by Getty," but fail to indicate whether responsive documents are in your possession custody or control or whether you have produced or withheld any responsive documents. (*See, e.g.*, Doc. Request Nos. 2, 4, 8, 13, 14 and 15). We therefore ask that you confirm, with respect to each of our document requests, that you have searched for and either do not have or have exhaustively produced all responsive documents in Plaintiff's possession, custody or control. Also, please confirm whether you have withheld any documents on the basis of privilege. Finally, please advise when you expect to complete your search for and produce documents in response to Document Request Nos. 10 and 11 and when you intend to complete your production of documents in response to Request No. 9. Again, if you have not searched for and produced responsive documents by May 26, we will have no choice but to move to compel their production.

We appreciate your prompt attention to the matters raised in this letter. Please feel free to contact me directly with any questions.

Very truly yours,

Matt Neiderman

MXN/sb
cc: Harvey W. Gurland, Jr., P.A.