# EXHIBIT

# "E"

DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
LOS ANGELES
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
LAKE TAHOE

MATT NEIDERMAN
DIRECT DIAL: 3026574920
*E-MAIL:* mneiderman@duanemorris.com

*www.duanemorris.com*

June 8, 2006

**VIA FACSIMILE AND REGULAR MAIL**

John Andrade, Esquire
Parkowski, Guerke & Swayze, P.A.
116 West Water Street
Dover, Delaware  19903

> Re:    **HSMY, Incorporated v. Getty Petroleum Marketing Inc.**
>          **C.A. No. 05-818 (JJF)**

Dear John:

I write in response to your letter dated May 26, 2006, regarding HSMY's responses to Getty's discovery requests and HSMY's initial disclosure obligations.  In that letter, you purported to respond to the discovery issues raised in my letter of May 17, 2006, and you suggested a further meeting in mid July.  As an initial matter, the tone of your letter appeared dismissive and sarcastic (*see, e.g.*, your response to Interrogatory No. 11) — a tone that is unhelpful to resolving what we view to be serious discovery concerns in an amicable and professional fashion.

As for the substance of your letter, your response to the concerns we raised largely consists of (i) the contention that many of Getty's interrogatories are better addressed in depositions and that you therefore need not further respond, and (ii) the notion that you may produce documents and information on damages long overdue from your initial disclosures and Getty's document requests at some unspecified time in the future.  Getty cannot accept this response.

First, with respect to HSMY's Interrogatory answers, we know of no authority, and you failed to offer any, that would even suggest that you can refuse to provide meaningful and substantive answers to interrogatories seeking relevant information simply because you believe the questions are better suited for depositions.  In essence, your letter is objecting to the interrogatories as unduly burdensome without actually using those words.  However, you failed to timely raise any such objections in your answers to the Interrogatories and, even if valid

DUANE MORRIS LLP

1100 NORTH MARKET STREET, SUITE 1200   WILMINGTON, DE 19801-1246          PHONE: 302.657.4900  FAX: 302.657.4901

DuaneMorris

John Andrade, Esquire
June 8, 2006
Page 2


(which we dispute), those objections are now waived. *See, e.g., Standard Chlorine of Delaware v. Sinibaldi*, 821 F.Supp. 232, 261 (D. Del. 1992).

Second, with respect to HSMY's production of damages documents and information, you have promised to produce that information for more than two months, but have yet to produce anything. You have instead continued to grant yourself unilateral extensions of your time to respond, and now take the position that you will provide damages information and all responsive documents whenever you have them. Getty is entitled to the timely production of damages information and documents, and HSMY can not simply decide to unilaterally toll its discovery obligations without consequence.

Unless HSMY intends to move significantly from the position articulated in your May 26 letter and intends to immediately produce the requested documents and supplement its Interrogatory Responses and Initial Disclosures, we have no choice but to compel responses and production. Although your letter suggests a further meeting in July (thus effectively further tolling your discovery obligations), and although we would prefer to resolve this matter without the need for Court intervention, the parties' have made their respective positions clear, and we view further meetings as unlikely to accomplish anything aside from further delay.

I remain available at your convenience should you wish to further discuss these matters.

Very truly yours,

Matt Neiderman

MXN/sb
cc: Harvey W. Gurland, Jr., P.A.