IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HSMY, Incorporated, a Delaware Corporation, a/k/a H.S.M.Y., Inc.,<br><br>          Plaintiff,<br><br>vs.<br><br>GETTY PETROLEUM MARKETING INC., a Maryland Corporation,<br><br>          Defendant. | C. A. No. 05-818-JJF |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

Plaintiff, HSMY, Incorporated ("HSMY") by and through its counsel hereby responds pursuant to Rule 37 to Defendant, Getty Petroleum Marketing Inc.'s ("Getty") Motion to Compel Responses to Initial Disclosures and to Getty's First Request for Production of Documents (the "document requests") and First Interrogatories ("the Interrogatories") and states as follows in support of its response:

1.    HSMY has never refused to provide complete discovery responses and Getty has never attempted to discuss either in person or over the telephone its issues with HSMY.

2.    Many of the documents needed to make a proper calculation of the damages are in the possession of Getty. For example, Getty is required to complete a Market Survey under its agreement with HSMY. Getty has never given HSMY a copy of that Market Survey and the best information to calculate damages is in the possession of Getty. HSMY has agreed to make available all of its documents for review by Getty and has

held nothing back. The computation of damages is being done by a damages expert that has been retained by HSMY. That expert has informed HSMY that he cannot complete that damages calculation without further documents from Getty. Those documents have been requested from Getty.

3.   HSMY has gone beyond the requirements of the Initial Disclosures in providing its responses to Interrogatories and Request for Production. In doing so, it made available all of its documents and responded to Getty's request with the best information known to it at the time. Getty has not even reviewed the documents that HSMY has made available to it for review and copying.

4.   Getty seeks to punish HSMY for making a good faith attempt to respond to all the Interrogatories without following the wasteful and inefficient practice of many firms of objecting to each and every Interrogatory with numerous objections to each. Instead, HSMY provided an answer to each Interrogatory with the information it had in its possession.

5.   Getty has asked for the factual basis for HSMY's claimed damages and a full damages report is being prepared and will be turned over to Getty when it is completed. That would be full response to the Interrogatories, but otherwise, HSMY is not in possession of the information being requested by Getty. Getty has also asked for numerous information that is in its own possession. HSMY has responded by making available all of its documents for Getty to review. HSMY's documents are not as complete as Getty's and the Getty documents will be reviewed by HSMY's damages expert when the documents are received from Getty. The requested information will be provided as soon as HSMY can review Getty's production of documents. The best

example of where Getty's claim is not appropriate is where it asks for the specific stations comprising the "market price in the area." This information is contained in a Market Survey. Under the agreement between HSMY and Getty, it was to be prepared by Getty but has never been provided to HSMY. HSMY has now requested the document which, pursuant to the Agreement between Getty and HSMY, is required to contain the information that Getty is asking of HSMY. To require HSMY to separately compile the same information required to be compiled by Getty is uncalled for.

6.   If there is information that Getty is requesting, this is the kind of dispute that would be covered in a meeting or a teleconference to which HSMY has offered and Getty has never shown an interest. The Interrogatory responses did provide the information sought in the Interrogatories and if Getty did wish to have more specific information it is free to discuss that with HSMY.

7.   Getty sent out its second letter on June 8, 2006, HSMY's response is attached hereto and marked as Exhibit "A". However, the Court should note that there was no time set out in Getty's letter of June 8, 2006 and further the Motion to Compel was filed in less time than it took Getty to respond to HSMY's response to Getty's first letter. Again this would be something where it would have been appropriate to either call or meet with the other party as is envisioned by the Rules.

8.   HSMY made available to Getty the documents in its possession for review and copying. Where the documents were bulky it made them available for review, where it was easy to copy and produce, those documents were produced. No documents were withheld on the basis of privilege. Counsel for Getty has requested from HSMY all documents responsive to Getty's document request and to date all of those documents

have been produced or are available for review and copying by Getty. It is unclear what else Getty wants other than all the documents in HSMY's possession relevant to its document requests. It is unacceptable practice for Getty to have filed this Motion, without even having scheduled a review of the documents produced by HSMY for review and copying by Getty.

WHEREFORE, HSMY respectfully requests that the Court deny Getty's Motion and Order Getty to pay HSMY the costs and attorney's fees associated with the response to this Motion. Further, Getty does disagree that the statement made pursuant to local Rule 37.1 is sufficient. At the very least, when correspondence has been replied to it is incumbent upon counsel to either meet or discuss by telephone its concerns with the other side's alleged discovery deficiencies.

PARKOWSKI, GUERKE & SWAYZE, P.A.

/s/ Basil C. Kollias
BASIL C. KOLLIAS, ESQUIRE, I.D. #4063

/s/ John C. Andrade
JOHN C. ANDRADE, ESQUIRE, I.D. #1037
116 West Water Street, P. O. Box 598
Dover, DE 19903
(302) 678-3262
Attorneys for Plaintiff

DATED: June 27, 2006

# EXHIBIT "A"

LAW OFFICES
# PARKOWSKI, GUERKE & SWAYZE
PROFESSIONAL ASSOCIATION
116 WEST WATER STREET
P.O. Box 598
DOVER, DELAWARE 19903
302-678-3262
FAX: 302-678-9415

F. MICHAEL PARKOWSKI
I. BARRY GUERKE
DAVID S. SWAYZE
CLAY T. JESTER
JEREMY W. HOMER
JOHN C. ANDRADE
MARK F. DUNKLE
WILLIAM A. DENMAN
MICHAEL W. ARRINGTON
CHRISTINE P. SCHILTZ
MICHAEL W. TEICHMAN
BASIL C. KOLLIAS
ANNE HARTNETT REIGLE

GEORGE F. GARDNER, III
OF COUNSEL

WILMINGTON OFFICE
800 KING STREET, SUITE 203
WILMINGTON, DE 19801-0369
302-654-3300
FAX: 302-654-3033

June 27, 2006

Matt Neiderman, Esquire
Duane Morris, LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

RE:   **HSMY, Incorporated vs. Getty Petroleum Marketing Inc.**
      **United States District Court for the District of Delaware, C. A. #05-818 (JJF)**

Dear Matt:

This is in response to your letter of June 8, 2006. First let me apologize for the delay in responding to you. I originally dictated my response shortly after receiving your letter, my assistant remembered typing it, but we believe it somehow got lost in some changes that were made to our computer system. In any event, when I saw your Motion to Compel, I realized that the letter had not gone out and that I had not yet responded to your letter of June 8, 2006.

First, let me take strong exception to the first paragraph of your letter. My letter was neither dismissive nor sarcastic. In my discussions with you I have always acted in an amicable, professional and civil fashion as is the practice here in Delaware. The humor I injected with regard to the response to Interrogatory number eleven was due to the fact that you had a problem with every one of our responses to your interrogatories. I will leave humor out of future correspondence with you.

The reason I suggested a meeting in mid-July, was that we expected to have our discovery responses that are being filed this week out sooner and we could deal with both sets of responses at the same time. I would be happy to meet with you at any

Matt Neiderman, Esquire
June 27, 2006
Page 2 of 2

mutually convenient time. I will be in Wilmington on June 29, 2006. I have a meeting from 10:30 a.m. until 1:00 p.m. but I could meet with you from 9:00 a.m. – 10:00 a.m. or from 1:30 p.m. – 2:30 p.m. It is not my practice typically to object to every single Interrogatory with every single possible objection, therefore I attempted to answer all of your Interrogatories. I could have instead objected to them and not answered them, because they would be unduly burdensome. Instead I provided the answers we had and I think both of us realize that it is not a convenient use of time and resources to ask someone to list every single possible conversation when those are the questions that would normally arise in a deposition. I'm also not sure what documents you're referring to that we're not willing to produce, we've agreed to make all of our documents available and have not withheld any documents.

With regard to HSMY's damages, we have agreed to produce all of the documents and we don't have any further information on damages other than what we've told you or what will be produced by our expert. We endeavored to respond to your request by retaining an expert and having him produce exactly what it is that you're requesting. Once we are in possession of that we intend to produce that to you.

If you can not articulate exactly what it is that we have that you want us to produce, then we're in a situation where there's nothing we can do that would possibly satisfy you. I believe your Motion to Compel is unwarranted and clearly there has been no good faith attempt to communicate or resolve any possible discovery issues. We still are willing to discuss this with you, but may I remind you that the one time you did call me on this you chose to respond in writing rather than to discuss the matter over the phone. We remain willing to meet with you, speak with you, and produce whatever it is that we have in our possession. I look forward to hearing from you or otherwise we will see you in court.

Very truly yours,

JOHN C. ANDRADE

JCA/ncs
W:\BK\HSMY\Neiderman LTR-3.doc

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HSMY, Incorporated, a Delaware Corporation, a/k/a H.S.M.Y., Inc.<br><br>Plaintiff,<br><br>vs.<br><br>GETTY PETROLEUM MARKETING INC., a Maryland Corporation,<br><br>Defendant. | C. A. No. 05-818-JJF |

### CERTIFICATE OF SERVICE

I, JOHN C. ANDRADE, ESQUIRE, hereby certify that on the 27th day of June, A.D. 2006, that a copy of the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL was served electronically on the following counsel of record:

Matt Neiderman, Esquire
DUANE MORRIS, LLP
1100 North Market Street, 12th Floor
Wilmington, DE 19801

PARKOWSKI, GUERKE & SWAYZE, P.A.

*/s/ John C. Andrade*
JOHN C. ANDRADE, ESQUIRE, I.D. #1037
116 West Water Street, P. O. Box 598
Dover, DE  19903
(302) 678-3262
Attorneys for Plaintiff

DATED:  June 27, 2006