IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HSMY, Incorporated, <br> a Delaware Corporation, <br> a/k/a H.S.M.Y., Inc., <br> Plaintiff, <br> <br> v. <br> <br> GETTY PETROLEUM MARKETING <br> INC., a Maryland Corporation. <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | C.A. No. 05-818 (JJF) |

### NOTICE OF SERVICE OF SUBPOENA *DUCES TECUM*

TO:  John C. Andrade, Esq.
     Parkowski, Guerke & Swayze, P.A.
     116 West Water Street
     Dover, Delaware  19903

PLEASE TAKE NOTICE that the subpoena *duces tecum* attached hereto as Exhibit "A" was served upon Patterson Woods & Associates on November 10, 2006.

DATED: November 14, 2006                    **DUANE MORRIS LLP**

**OF COUNSEL:**                              /s/ Matt Neiderman
                                             Matt Neiderman (Del. I.D. No. 4018)
**DUANE MORRIS LLP**                         1100 North Market Street, 12th Floor
Harvey W. Gurland, Jr., P.A. (*of the*       Wilmington, Delaware  19801
*Florida Bar admitted pro hac vice*)         Tel:   302.657.4900
200 South Biscayne Blvd., Suite 3400         Fax:   302.657.4901
Miami, Florida  33131
Tel:   305.960.2200
Fax:   305.960.2201                          *Attorneys for Defendant*
                                             *Getty Petroleum Marketing Inc.*

# EXHIBIT "A"

# United States District Court
## DISTRICT OF DELAWARE

SUBPOENA IN A CIVIL CASE

HSMY, Incorporated

v.

C.A. No. 05-818 JJF

GETTY PETROLEUM MARKETING INC.

TO: Patterson Woods & Associates
3801 Kennett Pike, Bldg "D" Suite 100
Wilmington, DE 19807

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE EXHIBIT "A" HERETO

| PLACE | DATE AND TIME |
| --- | --- |
| Duane Morris LLP<br>Attn: Matt Neiderman<br>1100 N. Market Street, 12th Fl.<br>Wilmington, DE 19801 | November 29, 2006 |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br>Attorney for Defendant | DATE<br><br>November 9, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matt Neiderman, Duane Morris LLP
1100 N. Market St., 12th Floor, Wilmington, DE 19801 302.657.4900

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on Reverse)

| | PROOF OF SERVICE | |
|---|---|---|
| SERVED | DATE 11/10/06 | PLACE 3801 KENNETH PIKE, WILM DE 19807 |
| SERVED ON (PRINT NAME) PATTERSON WOODS + ASSOC | | MANNER OF SERVICE By HAND to W. DUNCAN PATTERSON AT 3:30 PM |
| SERVED BY (PRINT NAME) CHRIS HAZEWSKI | | TITLE PROCESS SERVER |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    11/10/06
               DATE

SIGNATURE OF SERVER

230 N MARKET ST, WILM DE 19801
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on the person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce thus duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.
   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (II) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (III) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specific conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. The term "document(s)" shall be defined as set forth in Fed. R. Civ. P. 34(a), and shall include, without limitation, all writings of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise (including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectus, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, e-mail, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures), and electronic, mechanical or electric records and representations of any kind (including, without limitation, tapes, cassettes, discs, recordings).

2. The term "you" or "your" shall mean Patterson, Woods & Associates, the subject of this subpoena.

3. The term "HSMY" shall mean HSMY, Inc., a corporation, including, without limitation, any of its officers, directors, employees, agents, representatives, attorneys, and any other persons acting or purporting to act on its behalf, past and present.

4. The term "Getty" shall mean Getty Petroleum Marketing Inc., a corporation, including, without limitation, any of its officers, directors, employees, agents, representatives, attorneys, and any other persons acting or purporting to act on its behalf, past and present.

DM1\714915.1

5.  The terms "relating to," "concerning" or any variations thereof shall mean any connection, association, or other relationship between the subject matter of the particular request and the documents that it seeks.

6.  The term "New Castle Getty" shall mean the motor fuel and convenience store business located at Basin and Frenchtown Roads, New Castle, Delaware.

7.  The term "Elkton Road Getty" shall mean the motor fuel and convenience store business located at 189 Elkton Rd., Newark, Delaware.

## INSTRUCTIONS

For the purpose of this subpoena *duces tecum*, the following instructions shall apply:

1. In accordance with Fed. R. Civ. P. 45, you are requested to furnish all documents available to you, including all information in the custody of your representatives, attorneys, agents, officers, directors, shareholders, servants or employees, past or present. All documents produced pursuant to this subpoena *duces tecum* must be labeled to correspond with the particular paragraph of this Exhibit A pursuant to which each such document is produced.

2. If any documents or category of documents requested herein cannot or will not be responded to fully, either because of lack of possession or existence of an alleged privilege, or for any other reason, the requested documents should be produced to the greatest extent possible, and any part of the requested documents not being produced should be identified specifically as follows:

   a. the title of the document;

   b. the type of document (*e.g.,* letter, note, memorandum, etc.);

   c. the date of each document not produced;

   d. the author, authors or originators of each document not produced. This shall include anyone who assisted in the preparation of such document, or in whose name the document was prepared;

   e. the identities of all other persons to whom the document was sent, or who received, have seen, have had possession or custody of, or have had disclosed to them the contents of the document or any copies thereof;

   f. the subject matter of the document; and

   g. sufficient information regarding the grounds for withholding the document to permit a fair evaluation of the claim of privilege or protection.

3. This subpoena *duces tecum* shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered,

3

DM1\714915.1

located, identified, or obtained after you complete the production of documents responsive to this Request.

4. All documents that are physically attached to each other shall be left so attached. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be produced in the order in which they are maintained.

## CATEGORIES OF REQUESTED DOCUMENTS

You shall produce copies of all documents relating to, reflecting or concerning:

1. All documents relating to any business listing or other services provided by you to HSMY.

2. All documents relating to the business listing for the New Castle Getty.

3. All documents relating to the business listing for the Elkton Road Getty.

4. All documents reflecting or referring to the listing price for the New Castle Getty, including the manner in which the listing price was set or otherwise arrived at.

5. All documents reflecting or referring to the listing price for the Elkton Road Getty, including the manner in which the listing price was set or otherwise arrived at.

6. All documents reflecting or referring to any bids, offers or potential offers received for the New Castle Getty or the Elkton Road Getty.

7. All documents referring to the actual sale of the New Castle Getty.

8. All communications between you and HSMY or any other person relating to the listing and sale of the New Castle Getty or the Elkton Road Getty.

## CERTIFICATE OF SERVICE

I, Matt Neiderman, hereby certify that on November 14, 2006, true and correct copies of the foregoing "Notice of Service of Subpoena *Duces Tecum*" were served via e-filing upon the following counsel of record:

>John C. Andrade, Esq.
>Parkowski, Guerke & Swayze, P.A.
>116 West Water Street
>Dover, Delaware 19903

>/s/ Matt Neiderman
>MATT NEIDERMAN (I.D. No. 4018)