IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HSMY, Incorporated,<br>a Delaware Corporation,<br>a/k/a H.S.M.Y., Inc.,<br>    Plaintiff,<br><br>v.<br><br>GETTY PETROLEUM MARKETING<br>INC., a Maryland Corporation.<br>    Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. 05-818 (JJF)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF SERVICE OF SUBPOENA

TO:   John C. Andrade, Esq.
      Parkowski, Guerke & Swayze, P.A.
      116 West Water Street
      Dover, Delaware  19903

PLEASE TAKE NOTICE that the subpoena attached hereto as Exhibit "A" was served upon Charles Sterner of Jefferson, Urian, Doane & Sterner, P.A. on November 13, 2006.

DATED: November 14, 2006          **DUANE MORRIS LLP**

**OF COUNSEL:**                    /s/ Matt Neiderman
                                   Matt Neiderman (Del. I.D. No. 4018)
**DUANE MORRIS LLP**               1100 North Market Street, 12th Floor
Harvey W. Gurland, Jr., P.A. (*of the*   Wilmington, Delaware  19801
*Florida Bar admitted pro hac vice*)    Tel:   302.657.4900
200 South Biscayne Blvd., Suite 3400    Fax:   302.657.4901
Miami, Florida  33131
Tel:   305.960.2200
Fax:   305.960.2201               *Attorneys for Defendant*
                                   *Getty Petroleum Marketing Inc.*

# EXHIBIT "A"

# United States District Court
## DISTRICT OF DELAWARE

SUBPOENA IN A CIVIL CASE

HSMY, Incorporated

v.                                               C.A. No. 05-818 JJF

GETTY PETROLEUM MARKETING INC.

TO:  Charles Sterner
     Jefferson, Urian, Doane & Sterner, P.A.
     651 N. Bedford Street Extended
     P.O. Box 830
     Georgetown, DE 19947

YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

X   YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.   SEE EXHIBIT "A" HERETO FOR TOPICS OF DEPOSITION.

| PLACE OF DEPOSITION<br>Duane Morris LLP<br>1100 N. Market Street, 12th Fl.<br>Wilmington, DE 19801 | DATE AND TIME<br>December 4, 2006,   9:00 a.m. |
|---|---|

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects)

| PLACE | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*<br>Attorney for Defendant | DATE<br><br>November 9, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matt Neiderman, Duane Morris LLP
1100 N. Market St., 12th Floor, Wilmington, DE 19801  302.657.4900

(See Rule 45 Federal Rules of Civil Procedure Parts C & D on Reverse)

| PROOF OF SERVICE | |
|---|---|
| SERVED — DATE: November 13, 2006 | PLACE: 651 N. Bedford Street Extended, P O Box 830, Georgetown DE 19947 |
| SERVED ON (PRINT NAME): Charles Sterner — Service accepted by Helena Dove at 3:52 p.m. | MANNER OF SERVICE: Subpoena |
| SERVED BY (PRINT NAME): Marian Hogan | TITLE: Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    11-13-06
DATE

SIGNATURE OF SERVER: Marian Hogan

ADDRESS OF SERVER: 15 E North Street Dover DE 19901

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on the person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce thus duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(II) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(III) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonable compensated, the court may order appearance or production only upon specific conditions.

(d) DUTIES IN RESPONDING TO A SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

## CATEGORIES OF DEPOSITION TOPICS

1. All tax returns prepared by you for HSMY from 2000 to the present, whether filed or not.

2. All financial information relating to HSMY relied upon or referred to by you in preparing any tax returns, whether filed or not, for HSMY from 2000 to the present.

3. Any accounting records prepared by you for HSMY from 2000 to the present, including any profit and loss statements, cash flow statements or summaries, income statements, balance sheets and the like.

4. All communications between you and HSMY or principal or representative of HSMY relating to any work performed by you for HSMY from 2000 to the present.

## **CERTIFICATE OF SERVICE**

I, Matt Neiderman, hereby certify that on November 14, 2006, true and correct copies of the foregoing "Notice of Service of Subpoena" were served via e-filing upon the following counsel of record:

> John C. Andrade, Esq.
> Parkowski, Guerke & Swayze, P.A.
> 116 West Water Street
> Dover, Delaware 19903

/s/ Matt Neiderman
MATT NEIDERMAN (I.D. No. 4018)